The Philadelphia & Reading Coal & Iron Company, Plaintiff in Error, v. Adolf Kuecken et al., trading as William Kuecken & Company, Defendants in Error.

## Gen. No. 19,572.

1. PARTNERSHIP, § 252*—*when instruction as to liability of retiring members proper.* An instruction which tells the jury that as to a party with whom a copartnership had dealings, actual notice, or its equivalent, of the dissolution or the withdrawal of any member of the firm must be shown to protect the retiring members from liability for debts subsequently contracted, and that "proof of the mailing of the notice * * * properly addressed to persons having had prior dealings with the firm is prima facie evidence that the notices have been received by the parties to whom they were addressed, but such presumption may be rebutted by proof that the same notices were never received," *held* proper.

2. PARTNERSHIP, § 252*—*when question as to notice of dissolution and retirement of members for jury.* In an action to recover for coal sold to a copartnership after the withdrawal of certain members against whom the plaintiff sought to establish liability therefor, *held* under the evidence the question whether a notice of the dissolution and the withdrawal of the members was mailed to the plaintiff a year or more before the purchase of the coal was a question of fact for the jury, on which their verdict was conclusive.

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The Philadelphia & Reading C. & I. Co. v. Kuecken, 191 Ill. App. 161.

1913.   Affirmed.   Opinion filed January 25, 1915.   Rehearing denied February 8, 1915.

ULLMAN, HOAG & DAVIDSON, for plaintiff in error.

HENRY D. COGHLAN, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

From 1902 to January, 1910, Adolf, Otto and Minnie Kuecken were copartners under the firm name of William Kuecken and Company, and during that time bought coal of the plaintiff corporation.   In January, 1910, the copartnership was dissolved by the written agreement of the parties, and notice of such dissolution was given by publication in a newspaper.   It was agreed by the parties that Otto Kuecken should thereafter continue the business under the former firm name.   Plaintiff sold and delivered coal in January and February, 1912, to the person or persons doing business as William Kuecken and Company to the amount of $319.10.   Otto Kuecken was afterwards adjudged a bankrupt, and plaintiff sought in this action to recover the price of the coal so sold from Adolf and Minnie Kuecken.   The jury found a verdict for the defendants, and this writ of error brings in review a judgment of *nil capiat* entered on the verdict.

The court instructed the jury that as to the plaintiff with whom the copartnership had had dealings, actual notice, or its equivalent, of the dissolution or the withdrawal of any member of the firm must be shown to protect the retiring member from liability for debts subsequently contracted, and that "proof of the mailing of the notice of dissolution of the partnership and of the retirement of certain members thereof, properly addressed to persons having had prior dealings with the firm is prima facie evidence that the notices have been received by the parties to whom they were addressed, but such presumption may be rebutted by proof that the same notices were never received."

We think the jury were properly instructed. *Meyer v. Krohn*, 114 Ill. 574; *Young v. Clapp*, 147 Ill. 176.

We also think that on the evidence in the record the question whether a notice of the dissolution of the copartnership and of the withdrawal of Adolf and Minnie Kuecken was mailed to the plaintiff in September, 1910, a year and longer before the purchase of the coal in question, was a question of fact for the jury, on which the verdict must be held conclusive.

We think the record is free from reversible error, and the judgment is affirmed.

*Affirmed.*